RICKEY IVIE (S.B.N: 76864)
rivie@imwlaw.com
DAVIDA M. FRIEMAN (S.B.N: 232096)
dfrieman@imwlaw.com
IVIE, McNEILL & WYATT
444 S. Flower Street, 18th Floor
Los Angeles, CA 90017-2919
(213) 489-0028/(213) 489-0552 FAX

Attorneys for Defendants,
COUNTY OF LOS ANGELES, et al.

Public Entity
Exempt from Filing Fee



FILED
CLERK, U.S. DISTRICT COURT
OCT 31 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL MOSES CARRILLO, | CASE NO.: CV12-2609 DSF(PJWx) |
| Plaintiff, | [Hon. Dale S. Fischer, Rm. 840] |
| vs. | **NOTE CHANGES MADE BY THE COURT** |
| DEPUTY PANTAMITR ZUNGGEEMOGE, DEPUTY SUSSIE AYALA, DEPUTY FERNANDO LUVIANO, DEPUTY NOEL WOMACK, SERGEANT ERIC GONZALEZ, CAPTAIN DANIEL CRUZ, CAPTAIN DUANE HARRIS, COUNTY OF LOS ANGELES and DOES 1 through 10, Inclusive, | **STIPULATED PROTECTIVE ORDER**<br><br>UNDER SEAL FILINGS GOVERNED BY L.R. 79-5. THIS ORDER DOES NOT<br><br>Complaint Filed: March 27, 2012<br><br>→ AUTHORIZE FUTURE PLEADINGS TO BE FILED UNDER SEAL. |
| Defendants. | PJW |

Plaintiff GABRIEL CARRILLO and DEFENDANTS DEPUTY PANTAMITR ZUNGGEEMOGE, DEPUTY SUSSIE AYALA, DEPUTY

- 1 -

STIPULATED PROTECTIVE ORDER

Scanned By [signature] Date 10/25/12

FERNANDO LUVIANO, DEPUTY NOEL WOMACK, SERGEANT ERIC GONZALEZ, CAPTAIN DANIEL CRUZ, CAPTAIN DUANE HARRIS, COUNTY OF LOS ANGELES (hereinafter "Defendants") (collectively the "Parties") by and through their respective counsel of record, hereby stipulate and agree to the entry of a Stipulated Protective Order (hereinafter "Stipulation" or "Order") as follows:

Discovery in this matter will necessarily involve the discovery of peace officer personnel records and Internal Affairs Reports. The parties to this lawsuit, recognizing the statutory and constitutional rights to privacy that a peace office has in his or her personnel records and the sensitive nature of the IAB Reports, stipulate to abide by the terms and conditions of this Protective Order.

1. The Parties, in the production or disclosure of documents in this case, may designate any document, thing material, testimony or other information derived therefrom that includes protectable information from a peace officer's personnel records as "CONFIDENTIAL" under the terms of this Protective Order (collectively referred to as "Confidential Documents." Confidential documents may include those described in California Penal Code §832.5 or information obtained from those records. As defined in Penal Code §832.8, "personnel records" means any file maintained under an individual peace officers name by his or her employing agency and containing records relating to any of the following: (1) personal data, including marital status family members, education and employment history, home address, or similar information; (2) medical history; (3) election of employee benefits; (4) employee advancement, appraisal or discipline; (5) complaints or investigation of complaints concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties;

2. Confidential Documents do not include: (1) documents already lawfully in the possession of the party to whom which the Confidential Document is being

produced; (2) documents available to the public; or (3) any document not described in paragraph 1, including, but not limited to policies and procedures of the Los Angeles County Sheriff's Department.

3. Attorneys for the parties shall personally secure and maintain the Confidential Documents in their possession. The Confidential Documents are to be used only for the purposes set forth below and for no other purpose.

4. The Confidential Documents shall be used only in the preparation of this case, up to and including the completion of the judicial proceedings, including appeal.

5. This Stipulation shall remain in full force and effect until modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court. This stipulation shall not prejudice the right of any party herein to move the Court to amend this Order.

6. This Stipulation shall not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by any other party during the course of discovery. This Stipulation shall not be construed as a waiver of the right to assert any objection to a discovery request or any objection to the admissibility of any document or evidence.

7. Confidential Documents shall not be shown, produced or otherwise disseminated to any member of the public, counsel who are not counsel of record in this case, reporters, or the media.

8. Any Confidential Document, if filed with the Court or if attached as an exhibit to a deposition or motion, shall be filed under seal after compliance with Local Rule 79-5.1 et seq. Absent a stipulation among the parties or court order with notice to all parties. If the contents of Confidential Documents are referred to or discussed during a deposition, the portion of the deposition that discusses the Confidential Documents shall be treated as a protected document hereunder.

STIPULATED PROTECTIVE ORDER

9. The Parties recognize that one purpose of this stipulation is to minimize the dissemination of the Defendants' personnel records or their contents to third parties. Dissemination of the Confidential Documents during the pending judicial proceedings shall be limited to parties, counsel of the parties, the parties' witnesses during a deposition, staff of counsel, expert witnesses, mediators, settlement officers and the court. A court reporter may also be provided with the Confidential Documents but where it has been attached to a deposition and then the protected document must be under seal and clearly marked as "Confidential – Subject to Protective Order."

10. Prior to any disclosure of any Confidential Document to any person referred to in Paragraph 9, such person shall be provided by counsel with a copy of this Protective Order and shall in writing state that he or she has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed writing.

11. The use of Confidential Documents disclosed in this litigation is strictly limited to use in this litigation, including but not limited to discovery, deposition(s), hearing(s), trial(s) or appeal(s) of the above-entitled action or preparation for discovery, deposition(s), deposition(s), hearing(s), trial(s) or appeal(s) of the above-entitled action. The use of Confidential Documents shall be consistent with the terms of this Stipulation.

12. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial "Confidential - Subject To Protective Order" documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Confidential - Subject To Protective Order documents or information.. The Court

1    may thereafter make such orders as are necessary to govern the use of such
2    documents or information at trial.
3    13.   At the conclusion of the legal proceedings in this matter each person who
4    has received a copy of Confidential Documents (court personnel excluded) shall
5    return all such Confidential Documents to the attorneys for the party who gave
6    him/her the copy. All copies of the Confidential Documents must then be returned
7    to the party who produced the Confidential Documents at issue.
8    14.   Any and all electronic copies made of any Confidential Documents as
9    described herein, shall be subject to each and every provision of this Stipulation.
10   15.   The attorneys for the parties shall not cause or knowing permit disclosure of
11   the contents of the Confidential Documents beyond the disclosure permitted under
12   the terms and conditions of this Order.
13   16.   Protected documents on this Order shall be clearly marked by means of a
14   stamp or demarcation indicating "Confidential – Subject to Protective Order."
15   17.   All designations of confidential material in this case must be made in good
16   faith. Any party who either objects to any designation of confidentiality, or who,
17   by contrast requests still further limits on disclosure (such as an in camera review
18   in extraordinary circumstances), may serve upon counsel for the designating
19   person or party a written notice stating with particularity the grounds of the
20   objection or request. If agreement cannot be reached promptly, counsel for the
21   objecting party may seek appropriate relieve from the court in accordance with
22   Local Rule 37.
23   ///
24   ///
25   ///
26   18.   Any party who violates this protective order may be subject to contempt
27   and/or sanctions as the Court may deem appropriate upon notice and an
28   opportunity to be heard (pursuant but not limited to FRCP 26 and or FRCP 37).

IT IS SO STIPULATED:

Dated: October 23, 2012            KAYE, McLANE & BEDNARSKI

By: _____
RONALD O. KAYE
Attorney for Plaintiff
Gabriel Carrillo

Dated: October 23, 2012            IVIE, McNEILL & WYATT

By: _____
RICKEY IVIE
DAVIDA M. FRIEMAN
Attorneys for Defendants,
County of Los Angeles, et al.

```
 1  RICKEY IVIE (S.B.N: 76864)                    Public Entity
    rivie@imwlaw.com                              Exempt from Filing Fee
 2  DAVIDA M. FRIEMAN (S.B.N: 232096)
    dfrieman@imwlaw.com
 3  IVIE, McNEILL & WYATT
    444 S. Flower Street, 18th Floor
 4  Los Angeles, CA  90017-2919
    (213) 489-0028/(213) 489-0552 FAX
 5
    Attorneys for Defendants,
 6  COUNTY OF LOS ANGELES, et al.
 7
 8
 9
10             UNITED STATES DISTRICT COURT
11            CENTRAL DISTRICT OF CALIFORNIA
12
13  GABRIEL MOSES CARRILLO,      ) CASE NO.: CV12-2609 DSF(PJWx)
14                               ) [Hon. Dale S. Fischer, Rm. 840]
                 Plaintiff,      )
15                               )
          vs.                    )
16                               )
    DEPUTY PANTAMITR             ) [PROPOSED] ORDER RE:
17  ZUNGGEEMOGE, DEPUTY SUSSIE   ) STIPULATED PROTECTIVE
    AYALA, DEPUTY FERNANDO       ) ORDER
18  LUVIANO, DEPUTY NOEL         )
    WOMACK, SERGEANT ERIC        )
19  GONZALEZ, CAPTAIN DANIEL     )
    CRUZ, CAPTAIN DUANE HARRIS,  )
20  COUNTY OF LOS ANGELES and    )
    DOES 1 through 10, Inclusive,)
21                               )
22               Defendants.     ) Complaint Filed: March 27, 2012
                                 )
23
24
25
26
27
28
                            - 1 -
                        ORDER RE:
                STIPULATED PROTECTIVE ORDER
```

## ORDER

Plaintiff GABRIEL CARRILLO and DEFENDANTS DEPUTY PANTAMITR ZUNGGEEMOGE, DEPUTY SUSSIE AYALA, DEPUTY FERNANDO LUVIANO, DEPUTY NOEL WOMACK, SERGEANT ERIC GONZALEZ, CAPTAIN DANIEL CRUZ, CAPTAIN DUANE HARRIS, COUNTY OF LOS ANGELES (hereinafter "Defendants") (collectively the "Parties") by and through their respective counsel of record, hereby stipulate as follows:

WHEREAS, discovery in this matter will necessarily involve the discovery of peace officer personnel records and Internal Affairs Reports. The parties to this lawsuit, recognizing the statutory and constitutional rights to privacy that a peace office has in his or her personnel records and the sensitive nature of the IAB Reports, stipulate to abide by the following terms and conditions of this Protective Order.

1. The Parties, in the production or disclosure of documents in this case, may designate any document, thing material, testimony or other information derived therefrom that includes protectable information from a peace officer's personnel records as "CONFIDENTIAL" under the terms of this Protective Order (collectively referred to as "Confidential Documents." Confidential documents may include those described in California Penal Code §832.5 or information obtained from those records. As defined in Penal Code §832.8, "personnel records" means any file maintained under an individual peace officers name by his or her employing agency and containing records relating to any of the following: (1) personal data, including marital status family members, education and employment history, home address, or similar information; (2) medical history; (3) election of employee benefits; (4) employee advancement, appraisal or discipline; (5) complaints or investigation of complaints concerning an event or transaction in

which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties;

2.  Confidential Documents do not include: (1) documents already lawfully in the possession of the party to whom which the Confidential Document is being produced; (2) documents available to the public; or (3) any document not described in paragraph 1, including, but not limited to policies and procedures of the Los Angeles County Sheriff's Department.

3.  Attorneys for the parties shall personally secure and maintain the Confidential Documents in their possession. The Confidential Documents are to be used only for the purposes set forth below and for no other purpose.

4.  Confidential Documents shall be used only in the preparation of this case, up to and including the completion of the judicial proceedings, including appeal.

5.  This Stipulation shall remain in full force and effect until modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court. This stipulation shall not prejudice the right of any party herein to move the Court to amend this Order.

6.  This Stipulation shall not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by any other party during the course of discovery. This Stipulation shall not be construed as a waiver of the right to assert any objection to a discovery request or any objection to the admissibility of any document or evidence.

7.  Confidential Documents shall not be shown, produced or otherwise disseminated to any member of the public, counsel who are not counsel of record in this case, reporters, or the media.

8   Any Confidential Document, if filed with the Court or if attached as an exhibit to a deposition or motion, shall be filed under seal after compliance with Local Rule 79-5.1 et seq. Absent a stipulation among the parties or court order

with notice to all parties. If the contents of Confidential Documents are referred to or discussed during a deposition, the portion of the deposition that discusses the Confidential Documents shall be treated as a protected document hereunder.

9.  The Parties recognize that one purpose of this stipulation is to minimize the dissemination of the Defendants' personnel records or their contents to third parties. Dissemination of the Confidential Documents during the pending judicial proceedings shall be limited to parties, counsel of the parties, the parties' witnesses during a deposition, staff of counsel, expert witnesses, mediators, settlement officers and the court. A court reporter may also be provided with the Confidential Documents but where it has been attached to a deposition and then the protected document must be under seal and clearly marked as "Confidential – Subject to Protective Order."

10.  Prior to any disclosure of any Confidential Document to any person referred to in Paragraph 9, such person shall be provided by counsel with a copy of this Protective Order and shall in writing state that he or she has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed writing.

11.  The use of Confidential Documents disclosed in this litigation is strictly limited to use in this litigation, including but not limited to discovery, deposition(s), hearing(s), trial(s) or appeal(s) of the above-entitled action or preparation for discovery, deposition(s), deposition(s), hearing(s), trial(s) or appeal(s) of the above-entitled action. The use of Confidential Documents shall be consistent with the terms of this Stipulation.

12.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial "Confidential - Subject To Protective Order" documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates

number, page range, deposition transcript lines, etc.) without divulging the actual Confidential - Subject To Protective Order documents or information.. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13. At the conclusion of the legal proceedings in this matter each person who has received a copy of Confidential Documents (court personnel excluded) shall return all such Confidential Documents to the attorneys for the party who gave him/her the copy. All copies of the Confidential Documents must then be returned to the party who produced the Confidential Documents at issue.

14. Any and all electronic copies made of any Confidential Documents as described herein, shall be subject to each and every provision of this Stipulation.

15. The attorneys for the parties shall not cause or knowing permit disclosure of the contents of the Confidential Documents beyond the disclosure permitted under the terms and conditions of this Order.

16. Protected documents on this Order shall be clearly marked by means of a stamp or demarcation indicating "Confidential – Subject to Protective Order."

17. All designations of confidential material in this case must be made in good faith. Any party who either objects to any designation of confidentiality, or who, by contrast requests still further limits on disclosure (such as an in camera review in extraordinary circumstances), may serve upon counsel for the designating person or party a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relieve from the court in accordance with Local Rule 37.

///
///
///
///

18. Any party who violates this protective order may be subject to contempt and/or sanctions as the Court may deem appropriate upon notice and an opportunity to be heard (pursuant but not limited to FRCP 26 and or FRCP 37).

**IT IS SO ORDERED:**

Dated: 10/31/12

_Patrick J. Walsh_
PATRICK J. WALSH
HON. MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

ANY PARTY INTENDING TO SUBMIT TO
THE COURT ANY DOCUMENTS COVERED
BY THIS PROTECTIVE ORDER SHALL FILE A
MOTION UNDER LOCAL RULE 79-5
REQUESTING PERMISSION TO FILE
THEM UNDER SEAL.

ANY PARTY INTENDING TO SUBMIT TO
THE COURT ANY DOCUMENTS COVERED
BY THIS PROTECTIVE ORDER SHALL FILE A
MOTION UNDER LOCAL RULE 79-5
REQUESTING PERMISSION TO FILE
THEM UNDER SEAL.

ORDER RE:
STIPULATED PROTECTIVE ORDER