RONALD O. KAYE (No.145051)
E-mail: rok@kmbllaw.com
MARILYN E. BEDNARSKI (No. 105322)
E-mail: mbednarski@kmbllaw.com
KEVIN J. LaHUE (No. 237556)
E-mail: klahue@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT
234 East, Colorado Boulevard, Suite 230
Pasadena, Calfiornia 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Attorneys for Plaintiff,
GABRIEL MOSES CARRILLO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| GABRIEL MOSES CARRILLO,<br><br>                     Plaintiff,<br><br>          v.<br><br>DEPUTY PANTAMITR ZUNGGEEMOGE, DEPUTY SUSSIE AYALA, DEPUTY FERNANDO LUVIANO, DEPUTY NOEL WOMACK, SERGEANT ERIC GONZALEZ, DEPUTY ANTHONY REED, CAPTAIN DANIEL CRUZ, CAPTAIN DUANE HARRIS, COUNTY OF LOS ANGELES and DOES 1 through 10, inclusive,<br><br>                     Defendants. | CASE NO. CV 12-02609 DSF(PJWx)<br><br>[Hon. Dale S. Fischer]<br><br>**DECLARATION OF RONALD O. KAYE IN SUPPORT OF REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1 TO ADMIT THE REPORT OF THE CITIZENS' COMMISSION ON JAIL VIOLENCE**<br>[Ordered submitted without oral argument. (Dkt. No. 225)]<br><br>DATE:         March 10, 2014<br>TIME:         1:30 p.m.<br>ROOM :       Roybal – 840<br><br>Action Filed: March 27, 2012 |

## DECLARATION OF RONALD O. KAYE

I, Ronald O. Kaye, hereby state and declare as follows:

1.      I am an attorney licensed to practice law in the State of California and a partner in the law firm Kaye, McLane, Bednarski & Litt, LLP. I am attorney representing Plaintiffs in *Carrillo v. County of Los Angeles et al.*, CV-12-02609-DSP(PJWx) and I am providing this declaration to the Court in support of Reply to Defendants' Opposition to Plaintiff's Motion *In Limine* No. 1 To Admit the Report of the Citizens' Commission on Jail Violence.

2.      As set forth in Plaintiffs' motion, the Citizen's Commission on Jail Violence ("CCJV") was appointed by the Los Angeles County Board of Supervisors and is staffed by pro bono professionals. A copy of the Board action appointing the CCJV is available on the CCJV website at http://ccjv.lacounty.gov/wp-content/uploads/2012/02/Board-Motion-Amendment-10-18-11_1.pdf.  The action states that "it is the Board of Supervisors' responsibility to initiate and carry out a community-level review of alleged inappropriate use of force by deputies assigned to the jails. This can best be accomplished through the appointment of a Citizen's Commission composed of five distinguished County residents, each to be appointed by a member of the Board of Supervisors." The action explicitly instructs the CCJV to "conduct a review of the nature, depth and cause of the problem of inappropriate deputy use of force in the jails, and to recommend corrective action as necessary" and to "present its report and recommendations" within 120 days. Finally, the action further provides that the Commission "shall rely primarily on pro bono professionals with assistance from County administrative staff," and that the budget for the Commission "shall utilize funding from the Sheriff's Judgments and Damages account. The Commission instructed "County Counsel, with the assistance of the Chief Executive Officer" to recommend a staffing plan for the Commission.  Thus, Defendants' assertion that the Commission did not utilize County staffing and

1

1    funding (Opp. at 5:1-3) appears to be incorrect.

2       3.     The *Report of the Independent Commission on the Los Angeles Police*

3    *Department* ("Christopher Commission Report"), discussed in *Montiel v. City of Los*

4    *Angeles*, 2 F.3d 335, 341 (9th Cir. 1993), is available online at

5    http://www.parc.info/client_files/Special%20Reports/

6    1%20-%20Chistopher%20Commision.pdf. Appendix I of the Report contains the

7    "Charge by Mayor Tom Bradley" (pdf page 271-74), appointing the seven members

8    of the Commission, including Warren Christopher, who was at the time the

9    chairman of O'Melvany & Myers law firm. The Charge refers to the body as a

10   "citizen's commission of the highest order." Furthermore, the Charge states that the

11   Commission will have a "professional, independent staff" and discusses the

12   necessity of raising "adequate private funds" to support the activities of the

13   Commission.

14       4.     The Los Angeles County Sheriff's Department 13th Semiannual Report

15   (2000), discussed in *Gallagher v. City of West Covina*, No. CV 00-00377

16   CBM(RNBx), 2002 WL 826603, at *1 n.1 (C.D. Cal. April 29, 2002) (Marshall, J.),

17   is available online at

18   http://www.parc.info/client_files/LASD/13th%20Semiannual%20Report.pdf. The

19   report was written by special counsel Merrick Bobb, who is currently the executive

20   director of the Police Assessment Resource Center (PARC), a non-profit

21   organization. Bobb *See* PARC Staff Page, http://www.parc.info/staff.chtml; PARC

22   About Page, http://www.parc.info/about_parc.chtml. Merrick Bobb continues to

23   issue semiannual reports at the behest of the Los Angeles County Board of

24   Supervisors, and it is a function he has carried out since he served as General

25   Counsel for the Kolts Commission, a body appointed by the Los Angeles Board of

26   Supervisors in December 1991 to investigate the Los Angeles Sheriffs' Department.

27   *Report of Special Counsel James G. Kolts & Staff* (July 1992), *available at*

28

1   http://www.parc.info/client_files/Special%20Reports/3%20-

2   %20Kolts%20Report%20-%20LASD.pdf. Thereafter, he was appointed by the Los

3   Angeles County Board of Supervisors himself to continue investigating and

4   reporting on the Los Angeles Sheriff's Department. *See, e.g.*, Ninth Semiannual

5   Report by Special Counsel Merrick J. Bobb & Staff 1 (June 1998) (stating that his

6   "reports are prepared at the direction of the Los Angeles County Board of

7   Supervisors pursuant to its appointment of Special Counsel"). These reports show

8   that both the Kolts Commission and Merrick Bobb relied on assistance from

9   independent staff.

10       5.       Following the publication of the CCJV Report, Los Angeles County

11   Sheriff Lee Baca held a press conference during which he announced that he would

12   be implementing all of the recommendations issued by the Commission. Sheriff

13   Baca is reported to have stated that he "couldn't have written them better myself . . .

14   We will be a stronger and safer jail." J. Leonard & R. Faturechi, *L.A. County Sheriff*

15   *Lee Baca Agrees to Long List of Jail Reforms*, L.A. Times, Oct. 3, 2012, at

16   http://articles.latimes.com/print/2012/oct/03/local/la-me-sheriff-jails-20121004.

17       6.       Attached hereto as Exhibit A is a true and correct copy of the court's

18   Order admitting Plaintiff's Proposed Excerpts / Findings of CCJV Report (Dkt. 362)

19   in *Rodriguez et al. v. County of Los Angeles* No. CV-10-06342-CBM(AJW).  I was

20   lead counsel in the *Rodriguez* case. In that case, and Plaintiffs requested that the

21   CCJV Report in its entirety be admitted at trial due to the fact that the entire Report

22   was relevant to Plaintiffs' *Monell* claims. Ultimately, the court ordered that certain

23   portions of the CCJ be admitted at trial, which are reflected in this order. They were

24   admitted as an exhibit at trial.

25       7.       Attached hereto as Exhibit B are true and correct copies of Plaintiff's

26   Proferred Evidence Containing Relevant Pages from the CCJV Report (Dkt. 382)

27   and Civil Minutes – Trial (Dkt. 395) admitting portions of the CCJV Report during

28

opening statements in *Tyler H. Willis v. Anthony D. Vasquez, et al.* CV-10-07390-JAK(DTB).

8.     Attached hereto as Exhibit C is a true and correct copy of a minute order issued by the Honorable Judge A. Howard Matz in *Goldstein v. City of Long Beach et al.*, No. 04-9692-AHM-Ex (C.D. Cal. Dec. 28, 2007) (Dkt. No. 187), admitting the Los Angeles County Grand Jury Report Re: Jailhouse Informants.

9.     Based on my review of LASD records, prior to the February 26, 2011 beating of Mr. Carrillo, Defendant Luviano had 18 use-of-force incidents within a two year period, but received no discipline.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on February 24, 2014 in Pasadena, California.

*/s/ Ronald O. Kaye*
RONALD O. KAYE

4